UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ZECHARIAH ESCALANTE, individually, CURTIS ESCALANTE, individually and LYNNDA ESCALANTE, individually;<br><br>Plaintiffs,<br>v.<br><br>CITY OF TACOMA, a political subdivision of the State of Washington; DONALD ROSE; STEVEN MILLER and JOHN DOES 1 – 5,<br><br>Defendants. | No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

COME NOW the above-named Plaintiffs, by and through their attorneys of record, Connelly Law Offices, PLLC, and by way of claim allege upon personal knowledge as to themselves and their own actions, and upon information and belief upon all other matters, as follows:

### I.     OVERVIEW

This is a civil rights claim brought against the City of Tacoma / Tacoma Police Department by a young developmentally disabled youth, and his brother. The youth was unconstitutionally subjected to unnecessarily brutal and excessive force by certain officers, including having his face shoved into the pavement, being repeatedly tased in the body and

COMPLAINT - 1 of 12

genitals while handcuffed, and being subjected to an unconstitutional search after being misidentified and improperly stopped. He and his brother were subjected to an unconstitutional search and the excessive force after being stopped solely because they were African American. They did not match the descriptions of the persons the Tacoma Police were looking for, and they were not treated with the respect and dignity that citizens of the City of Tacoma deserve. The stop was witnessed and occurred in an extremely offensive and high-handed manner without regard to the United States Constitution or the Washington State Constitution, showed deliberate indifference to the brothers' fundamental constitutional rights, and was done in a manner that increased the potential danger to them, and to the community.

## II.    PARTIES

1. Defendant CITY OF TACOMA is a political subdivision of the State of Washington. Among other things, the City of Tacoma provides law enforcement services through its police department ("TPD"). TPD's mission is supposed to include creating a safe and secure environment in which to live, work and visit, enforcing the law in a fair and impartial manner and safeguarding its citizens' Constitutional guarantees.

2. Defendant DONALD ROSE is a City of Tacoma police officer who, at all times relevant hereto, was acting within the scope of employment and under color of state law.

3. Defendant STEVEN MILLER is also a City of Tacoma police officer who, at all times relevant hereto, was acting within the scope of employment and under color of state law.

4. Defendants JOHN DOES 1 – 5 ("Defendants Doe") are employees and/or agents of the City of Tacoma. Each John Doe was within the scope of his/her employment at all times relevant hereto and under color of law. It is believed that most, if not all, of the John Does are

residents of Pierce County. Their identities are unknown at this time and will be named as discovery progresses.

5.  When used herein, the term "Defendants Tacoma" refers to Defendants City of Tacoma, Rose, Miller and Does, collectively.

6.  Plaintiff LYNNDA ESCALANTE and her family are long-time residents of Tacoma. Ms. Escalante is the mother of Plaintiffs Zechariah and Curtis Escalante, and currently resides in Tacoma with her family.

7.  Plaintiff ZECHARIAH ESCALANTE is a single male who was unlawfully seized and searched by City of Tacoma police officers on October 2, 2011. At the time of the events giving rise to this lawsuit, Plaintiff Zechariah was a minor.

8.  Plaintiff CURTIS ESCALANTE is a single male who was unlawfully seized and searched by City of Tacoma police officers on October 2, 2011.

### III.  JURISDICTION AND VENUE

9.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

10. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391 because Defendant City of Tacoma resides in this judicial district and because a substantial portion of the events and omissions giving rise to this claim occurred in Pierce County, Washington, within the Western District of Washington.

### IV.  STATUTORY COMPLIANCE

11. On or about May 19, 2014, administrative claims for damages were served upon the City of Tacoma.

12. Any prerequisites to the maintenance of this action imposed by RCW 4.96 have accordingly been satisfied.

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

## V. STATEMENT OF FACTS

13. This case arises from the unconstitutional search and seizure of Plaintiffs Zechariah and Curtis Escalante and the arrest and unprovoked assault of Zechariah Escalante by City of Tacoma police officers on October 2, 2011. Curtis and Zechariah Escalante are brothers. They and their mother, Lynnda Escalante, are life-long Tacoma residents, with strong family roots in Tacoma's Hilltop community. The brothers' grandparents are Bishop Curtis Montgomery and Dr. Elinor Montgomery, who have been active leaders within Tacoma's African American community and pillars of the greater Tacoma community since the 1950s, when they founded what is now known as Greater Christ Temple Church and the Oasis of Hope Center, which provides training, education, and recreation for the youth of the Tacoma Hilltop community and Greater Christ Temple Church.

14. The events which led to the misconduct of the Tacoma Police Officers and the unconstitutional seizure of plaintiffs began on the afternoon of October 2, 2011. Tacoma police received a 911 call reporting that a black man was running with a gun in the area of Oakland Park. The caller stated the man was shirtless, 18-19 years old, 5 feet 10 inches tall, 145 pounds, and appeared almost bald with short dark hair. Additionally, he was apparently holding a gun and ducking in and out of houses and cars. Callers also reported that the shirtless man and 7 others had departed the Oakland Park area in a two-door white or gray car. Dispatch further notified the officers that callers had observed a black female (described as 17, medium height, slim, and wearing a black jacket and blue jeans) handing a gun to the bald, shirtless, black male.

15. While investigating the calls, the officers observed two black females walking near Oakland Park, but made no contact with them. After continuing to observe the park area,

1  the officers saw two African American women getting into a gray sedan in the parking lot of
2  Grassi's flower shop.  The officers had no evidence or indication that either of the women was
3  involved in any criminal activity or associated in any manner with the black girl the
4  anonymous called had reported.  They were simply African American. Plaintiff Curtis
5  Escalante knew the women through a local church youth group and had merely stopped to
6  give them a ride. Neither Zechariah nor Curtis had been at Oakland Park and neither matched
7  the descriptions of the suspect that dispatch provided to the officers other than the fact that
8  they were African American.  The car they were driving was in no way similar to the vehicle
9  that the officers were searching for.  Despite the fact that these two youths had nothing to do
10 with the prior incident in the park, despite the fact that their descriptions and numbers did not
11 match the description of the bald, shirtless man in the park, and despite the fact that they were
12 doing nothing whatsoever wrong, and were not doing anything illegal or even suspicious, the
13 officers chose to aggressively surround them with guns drawn, screaming and barking orders
14 at them, before even taking the time to ask why they were.  The officers targeted Curtis and
15 Zechariah solely because they were young, black men.

16       16.    At that point in time, Plaintiff Curtis Escalante was merely giving a ride to his
17 younger brother, Zechariah – a young man who suffers from mental disabilities and hearing
18 loss.  The two young women who got in their car were acquaintances who Curtis knew from a
19 local church youth group.  They were on their way to a church function.  None of these young
20 citizens had in any way been involved in the altercation at Oakland Park.  The only reason
21 their car was surrounded by the officers is that they were African Americans.

22       17.    Without any indication that Zechariah, Curtis, and the others in the vehicle
23 were involved in a crime, the officers approached the vehicle *with guns drawn*.  They then

Connelly Law Offices, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

loudly ordered each person in the car to exit the vehicle at gun-point, handcuffed them, and threw them in various patrol vehicles. The youths had no idea what was going on or why the police were even there, and the police did nothing to explain their presence or to take a moment to evaluate whether they even had the right people – particularly given the fact that the people they were surrounding with their guns drawn did not match the descriptions of the person they were looking for.  Curtis exited the vehicle first, fearing for his life.  Zechariah, who is hard of hearing and mentally disabled, was the last person to exit the car.  He followed what he could understand of the officers' commands and made no threats to the officers before they threw him down, climbed on top of him, slammed his face into the pavement, kneed him in his side and proceeded to strike him with a taser no fewer than eight times, including repeated taser strikes to his groin and genitals while he was handcuffed, as his brother and the two young ladies watched from the back of a patrol vehicle, helpless to aid him.  The officers' actions demonstrated deliberate indifference to the Plaintiffs federal and state constitutional rights.

18. Zechariah required immediate medical attention for the injuries caused by the defendants during the unlawful seizure.

19. No charges were brought against Curtis, and in fact he was released, without any apology, from the scene, as he had committed no crime of any kind, there was no evidence linking him, or anyone else in the vehicle, to the earlier altercation at the park; the only characteristic that Zechariah and Curtis shared with the suspect was their skin color.

20. Initial investigation into this matter has uncovered evidence that the City of Tacoma, through its police department, has a pattern and practice of using improper and unlawful racial profiling tactics, a pattern and practice of  employing excessive force against

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA  98403
(253) 593-5100 Phone - (253) 593-0380 Fax

unarmed individuals who present no risk to the officers, and of committing unconstitutional seizures against Tacoma residents.  The tactics used by the police officers in this case reflect an absence of understanding and training regarding constitutional limits, limits on force, search and seizure protocols, contacting citizens, racial profiling and pursuing potential suspects.  Defendant City of Tacoma is liable for its violations of both the United States and Washington State constitutions, for failing to train its officers, and for failing to follow the requisite standard of care of police officers investigating a scene where there was no evidence of criminal activity.

21. During Zechariah's encounter with the officers, he was brutally beaten and suffered severe physical injuries.  Since that time, Zechariah has developed post-traumatic stress disorder, anxiety and depression as a result of Defendant Tacoma's unconstitutional seizure and excessive force.  Plaintiffs Curtis Escalante and Plaintiff Lynnda Escalante have likewise suffered emotional anguish, emotional pain and suffering, ongoing fear and terror and emotional reactions, loss of consortium and other general and special damages which are ongoing and which will be proven with specificity at the time of trial.

22. Defendant Tacoma's actions against both Plaintiffs was wrongful, contrary to standard police practice, in violation of the plaintiffs' federal and state constitutional rights and contrary to law and their unlawful use of force committed against Zechariah was completely unnecessary and should have been easily avoided by following well accepted standard police practices.

## VI. FIRST CAUSE OF ACTION – NEGLIGENCE

23. Defendants Tacoma had a non-delegable duty to follow the requisite standard of care when performing investigative stops and searching Tacoma's citizens.

24. Defendants Tacoma breached that duty, acted unreasonably and were negligent, when they failed to have and follow proper training, policies, and procedures when investigating 911 callers' reports.

25. Defendants Tacoma breached that duty, acted unreasonably and were negligent, when they failed to have and follow proper training, policies, and procedures on the standard practices of officers in investigating and searching individuals.

26. Defendants Tacoma breached that duty, acted unreasonably and were negligent, when they used unnecessary and improper physical force against Zechariah Escalante.

27. As a direct and proximate result of the breaches, failures, and negligence of Defendants Tacoma, as described above and in other respects as well, Plaintiffs were subjected to extreme physical and emotional distress. Zechariah has suffered physical pain, mental anguish and anxiety, distress, fear and humiliation, mental and physical pain and suffering, and other general and special damages as a direct result of Defendant Tacoma's failures and the officers' actions and omissions.

28. At the time of the events giving rise to this lawsuit, Plaintiff Zechariah was a minor. As a direct and proximate result of the breaches, failures, and negligence of Defendants Tacoma, his mother, Plaintiff Lynnda Escalante has suffered extreme distress, anxiety, fear, anguish, loss of consortium and the parental bond that she shares with her son has been irreparably damaged. She has a claim under Washington law, RCW 4.24.010 and otherwise, for the injuries wrongfully inflicted upon her minor child and for general and special damages suffered as a result of this incident.

29. As a direct and proximate result of being forced to helplessly watch his brother get beaten up and tased by the Tacoma officers, as set forth above, as well as witnessing the

Connelly Law Offices, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

debilitating effect that this unconstitutional encounter has had on his brother, Plaintiff Curtis Escalante has suffered negligent infliction of emotional distress, anxiety, fear, anguish and other general and special damages.

30. As a direct and proximate result of the breaches, failures, and negligence of Defendants Tacoma, as described above and in other respects as well, Plaintiffs have incurred and will continue to incur general and special damages in amounts to be proven at trial.

31. The unreasonable actions of Defendants occurred while the officers were in the course of their police work and amounted to misfeasance that created a risk of harm, and actual harm, to Plaintiffs Zechariah, Curtis and Lynnda Escalante. The officers' actions were egregious, excessive, and well outside the standards that police officers must follow when searching and seizing individuals. The officers' affirmative actions exposed Plaintiffs to unnecessary physical and emotional harm; in acting affirmatively, the officers were required to act reasonably and follow the course of conduct of a reasonable officer. Sadly, the officers did not act reasonably in stopping and seizing Zechariah and Curtis Escalante, and Plaintiffs suffered general and special damages as a result of the officers' affirmative conduct.

**VII.   SECOND CAUSE OF ACTION – 42 U.S.C. § 1983 – UNCONSTITUTIONAL SEARCH AND SEIZURE AND USE OF EXCESSIVE FORCE BY DEFENDANTS ROSE, MILLER AND DOES**

32. The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures of the person. This protects citizens and members of the community against unreasonable search and seizure, and prohibits the government from using excessive force against those citizens.

33. In addition, parents have a constitutionally-protected interest under the

Fourteenth Amendment in the companionship and society of their children.

34. These rights are long-standing and were clearly established at all times relevant hereto.

35. Defendant Rose, Miller and Does violated and were deliberately indifferent to Plaintiffs' constitutional rights by engaging in an unreasonable search and seizure and by using excessive force against Zechariah Escalante – as set forth herein, and in other respects as well.

36. As a result of those violations by Defendants Rose, Miller and Does, Plaintiffs were wrongfully seized and suffered general and special damages including mental and physical fear, pain and suffering, and Plaintiff Zechariah Escalante was struck with a taser and beaten and experienced pain, suffering, fear, terror and anxiety.

37. Defendants Rose, Miller and Does' decision to seize Plaintiffs and to attack Zechariah Escalante was objectively unreasonable under the circumstances and demonstrated deliberate indifference to his federal and state constitutional rights. Zechariah was unarmed, did not match the description of the individual that the officers were searching for, and did not pose any threat to the officers when he was beaten. Defendants actions were of such a reprehensible nature that Plaintiffs are entitled to punitive damages for the unconstitutional search, seizure and beatings that they were subjected to.

**VIII. THIRD CAUSE OF ACTION – WASHINGTON CONSTITUTION, ART. I, § 7 – UNCONSTITUTIONAL SEARCH AND SEIZURE AND UNCONSTITUTIONAL USE OF EXCESSIVE FORCE BY DEFENDANTS ROSE, MILLER AND DOES**

38. The Washington State Constitution at Article I, Section 7 provides that "[n]o person shall be disturbed in his private affairs, or his home invaded, without authority of law." This right focuses on the disturbance of private affairs, and its limited exceptions are jealously

guarded in favor of protecting the citizens of Washington from invalid and unconstitutional searches and invasions into their private affairs.

39. These rights are long-standing and were in full force and effect at all times relevant hereto.

40. Defendant Rose, Miller and Does violated and were deliberately indifferent to Plaintiffs' Washington State constitutional rights by engaging in an unreasonable search and seizure, by unlawfully invading Plaintiffs' private affairs and by using excessive force against Zechariah Escalante – as set forth herein, and in other respects as well.

41. As a result of those violations by Defendants Rose, Miller and Does, Plaintiffs were wrongfully seized and suffered general and special damages including mental and physical fear, pain and suffering, and Plaintiff Zechariah Escalante was struck with a taser and beaten and experienced pain, suffering, fear, terror and anxiety.

42. Defendants Rose, Miller and Does' decision to seize Plaintiffs, to invade their private affairs and to attack Zechariah Escalante was objectively unreasonable under the circumstances. Zechariah was unarmed, did not match the description of the individual that the officers were searching for, and did not pose any threat to the officers when he was beaten.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request a judgment against Defendants CITY OF TACOMA, DONALD ROSE, STEVEN MILLER and JOHN DOES 1-5:

(a) Fashioning an appropriate remedy and awarding general, special, and punitive damages, including damages for pain, suffering, terror, and loss of consortium, pursuant to 42 U.S.C. §§ 1983 and 1988, in an amount to be proven at trial;

(b) Awarding reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988,

or as otherwise available under the law;

(c)   Declaring the defendants jointly and severally liable;

(d)   Awarding any and all applicable interest on the judgment; and

(e)   Awarding such other and further relief as the Court deems just and proper.

## X.   JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a jury for all issues so triable.

DATED this 29th day of September, 2014.

CONNELLY LAW OFFICES, PLLC

By_____
John R. Connelly, Jr., WSBA No. 12183
2301 North 30th Street
Tacoma, WA 98403
Phone: (253) 593-5100
E-mail: jconnelly@connelly-law.com

By_____
Micah R. LeBank, WSBA No. 38047
2301 North 30th Street
Tacoma, WA 98403
Phone: (253) 593-5100
E-mail: mlebank@connelly-law.com

By_____
Anna L. Price, WSBA No. 43088
2301 North 30th Street
Tacoma, WA 98403
Phone: (253) 593-5100
E-mail: aprice@connelly-law.com